IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARK HEWARD, et al. | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 1:23-cv-0195-ELH |
| BOARD OF EDUCATION OF ANNE ARUNDEL COUNTY, et al. | : | |
| | : | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY TO PLAINTIFFS' RESPONSE TO SCHOOL BOARD DEFENDANTS'
MOTION TO DISMISS, OR IN THE ALTERNATIVE,
MOTION FOR SUMMARY JUDGMENT**

NOW COMES Defendants, Board of Education of Anne Arundel County, Maryland ("Defendant School Board"), School Principal Patrick Bathras ("Defendant Bathras" or "Principal Bathras"), Assistant Principal Paige Chang ("Defendant Chang" or "AP Chang"), and Regional Assistant Superintendent Janine Robinson ("Defendant Robinson" or "Asst. Supt. Robinson"), collectively "School Board Defendants," by and through their undersigned attorneys, with this reply to Plaintiffs' response to their motion to dismiss, or in the alternative, motion for summary judgment, say:

I.     **REPLY ARGUMENT**

A. Defendant School Board Should Only Remain a Defendant for Indemnification Purposes Pursuant to Md. Code Ann., Cts. & Jud. Proc. § 5-518

Based upon Plaintiffs' response, there is no dispute that Defendant School Board, which has moved and is entitled to dismissal as to any direct claims in this case, should only remain a defendant to indemnify any judgment arising from the alleged tortious acts of Defendants Robinson, Bathras and Chang in their capacities as employees of Defendant School Board without

malice or gross negligence. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-518. *See also Neal v. Baltimore City Bd. of School Commr's*, 467 Md. 399 (2020). In their response, Plaintiffs contend that they are entitled to sue the individually named employees with the School Board joined as a defendant to indemnify those individual employees, and Plaintiffs rely upon *Neal v. Baltimore City Bd. of School Commr's* 467 Md. 399 (2020), wherein the Maryland Supreme Court held that Md. Code Ann., Cts. & Jud. Proc. § 5-518 requires that a School Board is required to remain as a "joined" defendant for indemnification purposes only when there are no direct claims against the School Board. *See Neal, supra.* Thus, there is no dispute that Defendant School Board should remain a defendant for indemnification purposes only being that all of Plaintiffs' claims are premised upon the employee actions of either Defendant Robinson, Defendant Bathras, and/or Defendant Chang. *See* ECF No. 1-1. Therefore, School Board Defendants agree that it should remain a defendant for indemnification purposes only as to any claims that survive this motion seeking dismissal against the individually named defendants being that the alleged tortious actions of Defendants Robinson, Bathras and Chang were allegedly committed within the scope of their employment without malice or gross negligence. *See id.*

B. <u>Defendants Robinson, Bathras and Chang are entitled to dismissal as a matter of law</u>

In their response, Plaintiffs contend that "school teachers" are not entitled to any immunity defenses afforded to School Board officials because they are not public officials. School Board Defendants totally agree; however, in this case, there are absolutely no claims asserted against a school teacher as Plaintiffs have filed suit against a regional superintendent (*i.e.* Defendant Robinson), a school principal (*i.e.* Defendant Bathras) and an assistant principal (*i.e.* Defendant Chang), none of whom are school teachers. *See* ECF No. 1-1. Moreover, Plaintiffs do not dispute that these named defendants are responsible for exercising the statutory powers and duties of

Defendant School Board as enumerated in Md. Code Ann., Educ. § 4-108.  Being that there can be no dispute that the powers and duties enumerated in Md. Code Ann., Educ. § 4-108 are their job duties and responsibilities, the regional superintendent, the school principal and assistant principal are public officials of Defendant School Board as their alleged actions are official actions of Defendant School Board.  *See* Md. Code. Ann., Educ., § 6-101, *et. seq.*; Md. Code Ann., Educ., § 26-102.  *See also* ECF Nos. ECF No. 15, p. 35-39; 15-2 – 15-4.

> 1.  *There is no dispute that Defendants Robinson, Bathras and Chang are being sued in official capacity claims as individual employees of Defendant School Board.*

An "official capacity suit" is "in all respects other than name, to be treated as a suit against the entity." *See Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985); *Alston v. Dist. of Columbia,* 561 F. Supp. 2d 29, 36 (D.D.C. 2008); *Dennis v. Bd. of Educ. Of Talbot County*, 21 F. Supp. 3d 497, 501-02 (D. Md. 2014). *See also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  In *Will*, the United States Supreme Court made clear that although state employees are literally persons, "a suit against a state official, in his or her official capacity is not a suit against the official but rather is a suit against the official's office."  *Will,* 491 U.S. at 71 (citing *Kentucky v. Graham,* 473 U.S. at 165-66).  "As such, it is no different from a suit against the State itself." *Id*.  The *Will* court went on to hold "that **neither a State nor its officials acting in their official capacities are "persons" under § 1983**." *Id.* (emphasis added).  In Maryland, it is well established that the relationship between local boards of education and the State of Maryland is sufficiently close to make the school boards an arm of the state.  *See Lee-Thomas*, 666 F. 3d at 248. *See also Balt. City Bd. of Sch. Comm'rs v. Koba Inst., Inc.,* 194 Md. App. 400, 409-16 (2010); *Zimmer-Rubert,* 179 Md. App. 589, 591-601 (2007)[1] *aff'd Bd. of Educ. v. Zimmer-Rubert,* 409

---

[1] It should be noted that in *Zimmer-Rubert, supra,* the Maryland Association of Boards of Education (MABE) supported the local school board's argument that school boards are "an arm of

Md. 200 (2009); *Mahanoy,* 141 S.Ct. at 2050. In Maryland, school boards have been overwhelmingly considered to be an instrumentality of the state, "arm" of the State, and even a "state agency." *See Zimmer-Rubert* at 599-601 (citing *State v. Bd. of Educ. of Montgomery County,* 346 Md. 633, 635, n. 1 (1997); *Bd. of Educ. of Prince George's County v. Secretary of Personnel,* 317 Md. 34, 44, n. 5 (1989); *Bd. of Educ. of Prince George's County v. Prince George's County Educators Ass'n,* 309 Md. 85, 95, n. 3 (1987); *Montgomery County Educ. Ass'n v. Bd. of Educ. of Montgomery County,* 311 Md. 303, 317 (1987); *McCarthy v. Bd. of Educ. of Anne Arundel County,* 280 Md. 634, 639-50 (1977). Being that agents of local school boards are afforded the same immunity as the board when being sued in their official capacity, Defendants Robinson, Bathras and Chang are entitled to the same immunity afforded to Defendant School Board, and therefore, dismissal. *Wood v. Bd. Of Education* 2016 WL 8669913 *6 (D. Md. 2016). (discussed *infra*). *See also Dennis* at 501-02. Plaintiffs have presented no compelling legal authority stating otherwise.

    2.    *Defendants Robinson, Bathras and Chang are also entitled to qualified immunity.*

Government officials sued in their **individual or personal capacities** can be entitled to "qualified immunity." *See Lane v. Franks*, 573 U.S. 228 (2014). *See also Wood* at *6. "Qualified immunity '**gives government officials breathing room to make reasonable but mistaken judgments about open legal questions**.'" *Lane,* 573 U.S. at 243 (emphasis added). Thus, said official cannot be liable in his or her personal capacity unless "the official violated a statutory or constitutional right," and "the right was **'clearly established'** at the time of the challenged conduct.'" *Id. See also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Landrigan v. Warwick*, 628 F.2d 736, 744-45 (1st Cir. 1980); *Lawrence v. City of St. Paul*, 740 F. Supp. 2d 1026, 1039

---

the State and that [Md. Code Ann., Cts. & Jud. Proc." § 5-518(c) does not abrogate" a school board's entitlement to sovereign immunity protection. *See Zimmer-Rubert,* 179 Md. App. at 594, n. 3.

(D. Minn. 2010). Moreover, a public official **performing a discretionary function** is entitled to qualified immunity in a civil action for damages, provided the official's conduct does not "violate clearly established federal statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 818 (emphasis added).

The actions of officials violate a "clearly established" constitutional right **only if**, "in the light of preexisting law, **the unlawfulness" of the actions is apparent**. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)(emphasis added). Courts do not require of officials the legal knowledge culled "by the collective hindsight of skilled lawyers and learned judges," but instead only "the legal knowledge of an objectively reasonable official in similar circumstances at the time of the challenged conduct." *Johnson v. Caudill,* 475 F. 3d 645, 650 (4th Cir. 2007). **Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines**. *Maciariello v. Summer*, 973 F.2d 295, 298 (4th Cir. 1992)(emphasis added). In the end, the lodestar for whether a right was clearly established is whether the law "gave the officials 'fair warning' that their conduct was unconstitutional." *Ridpath v. Bd. of Governors Marshall Univ.*, 447 F. 3d 292, 313 (4th Cir. 2006). The qualified immunity defense paints with a broad brush, **protecting "all but the plainly incompetent or those who knowingly violate the law."** *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (citations omitted)(emphasis added).

While Plaintiffs contend that *Mahanoy Area School Dist. v. B.L.,* 141 S. Ct. 2038 (2021) clearly established that School Board Defendants' school suspension of K.H. was unconstitutional, School Board Defendants have highlighted that the Supreme Court itself specifically stated that:

> **"We leave for future cases to decide where, when, and how these features mean the speaker's off-campus location will make the critical difference. <u>This case can, however, provide one example</u>."**

*Id* at 2045-46.

Thus, *Mahoney* did not clearly establish a clear constitutional rule as misrepresented by Plaintiffs; and Plaintiffs have failed to present any cases stating otherwise. Therefore, Defendants Robinson, Bathras, and Chang are entitled to qualified immunity as a matter of law.

    *3. Plaintiffs' negligence claim in Count I should be dismissed.*

Plaintiffs' response does not dispute that the disciplinary decisions relating to K.H. were discretionary determinations made by Defendants Robinson, Bathras, and Chang; and instead, Plaintiffs make the irrelevant argument that "school teachers" are not public officials. Defendants Robinson, Bathras, and Chang are not school teachers, but instead, school administrators that exercised their discretion in deciding to suspend K.H. for her acknowledged misconduct that created a hostile school environment, caused a disruption to the school day and school environment at SPHS, and had a direct impact on other SPHS students. *See* ECF Nos. 15-2 – 15-4. Therefore, while Plaintiffs contend correctly that school teachers are not public officials, their contentions are inapplicable to this case because the authority to issue school discipline upon students rests in the hands of school administrators, *i.e.* public officials. Therefore, Plaintiffs' negligence claim in Count I should be dismissed as a matter of law.

    *4. Plaintiffs' invasion of privacy claims in Counts II and III should be dismissed.*

While Plaintiffs cite to a plethora of legal cases relating to invasion of privacy claims, Plaintiffs notoriously fail to recognize that the allegations in their Complaint substantially fail to state "who" allegedly invaded Plaintiffs' private facts, "how" they were invaded, "when" they were invaded, "what" was false, "what" was offensive, and/or "what" was publicized that amounted to an invasion of privacy. *Cf.* ECF Nos. 1-3 and 21. In fact, Plaintiffs blatantly ignore that Counts II and III are completely devoid of any factual allegations to demonstrate something other than a baseless claim. *See* ECF No. 21. Thus, Plaintiffs completely ignore that their

"Invasion of Privacy" allegations asserted in Counts II and III are conclusory and clearly fail to meet the requisite *Iqbal* pleading standards.  *See* ECF No. 1-3, ¶¶ 130-44.  At no point do Plaintiffs present any allegations that support their baseless claims in Counts II and III, and therefore, dismissal is legally appropriate because said counts are devoid of any factual allegations that place defendants on "fair notice" and they fail to specifically show facts to support a claim of malice.

5. *Plaintiffs' defamation claim in Count IV should be dismissed.*

At no time have Plaintiffs ever identified any specific statement that they allege amounts to a defamatory statement made to a third person that was "false."  *See* ECF Nos. 1-3 and 21.  In their Response, Plaintiffs present legal cases but they never present the alleged false statement, when it was allegedly made, who made the statement, and to whom it was made to.  *Id.*  Thus, Plaintiffs failed, in their Response, to dispute the fact that there are absolutely no false statements made by any defendants specifically alleged in this case at all.  *See id.*

6. *Plaintiffs' breach of fiduciary claim in Count V should be dismissed.*

As to Count V, Plaintiffs continue the modus operandi of their Response by completely ignoring that they have failed to present any substantive factual allegations to support a breach of fiduciary duty claim against any defendant in this case; and instead, cite to legal cases that indicate that schools have a fiduciary duty to protect students.  *Id.*  School Board Defendants do not dispute that they owe a duty to protect students; however, Plaintiffs have failed to cite which defendant breached any such duty, how any such duty was breached, when any such duty was breached, and any facts to support any proximate damage relating to any such breach.  *Id.*  Hence, Plaintiffs do not dispute that there are absolutely no factual allegations to support a breach of fiduciary duty claim specifically identified at all.  *See id.*

*7. Plaintiffs acknowledge Count VII should be dismissed.*

Plaintiffs have rightfully conceded that Count VII should be dismissed because K.H. was never "seized" by Defendants Robinson, Bathras or Chang at any time. Therefore, Count VII should be dismissed.

C. <u>Summary Judgment in Favor of Defendants Robinson, Bathras and Chang Should Be Granted As There Are No Genuine Disputes of Any Material Facts</u>

In addition to the reasons previously stated entitling Defendants Robinson, Bathras, and Chang dismissal of Plaintiffs' 42 U.S.C. §1983 claims (*i.e.* First and Fourteenth Amendment claims) asserted in Counts IX and X and as to the state equivalent Maryland State Constitutional Claims asserted in Counts VI and VIII, judgment should be entered in favor of said defendants for the following reasons:

*1. Plaintiffs Freedom of Speech Claim in Counts VI and IX Fail*

School Board Defendants reiterate that this case is factually analogous to *Chen v. Albany Unified School District*, 56 F.4th 708 (9th Cir. 2022), where the district court dismissal of a first amendment claim against a school district and its employees for taking school disciplinary action against students engaged in racially insensitive and inappropriate posting on their social media accounts, while off-campus and not during school hours, was affirmed on appeal, post the Supreme Court's decision in *Mahanoy, supra. See Chen, supra.*

In *Chen,* the school district and school administrators were sued by students that **received school disciplinary suspensions arising from racially derogatory and demeaning posts** that took place **off campus during school hours on a private Instagram** ("IG") account **as "jokes" to entertain "close friends" that eventually spread to the high school but were never intended to be seen by any person outside of the group**. *Chen* at 711-14, 722 (emphasis added). Similar to this case, in *Chen,* a **group of students gathered at the school upset, yelling or crying and/or**

**were too upset to go to class**. *Id.* (emphasis added). The school administrators found that the posts constituted "harassment and bullying based on race and gender" and that they were **"obligated to respond to 'peer to peer harassment' that could cause a hostile environment."** *Id.* (emphasis added). The Court held that plaintiffs' speech was subject to school regulation because "(1) **the speech had sufficient nexus to the school**; and (2) it was **reasonably foreseeable that the speech would reach the school and create a risk of a substantial disruption**." *Id* at 715 (emphasis added). The Court further held that the students "were properly disciplined because their speech **caused or contributed to a substantial disruption**" and "**clearly interfered with the 'rights of other students to be secure and to be let alone.'**" *Id.* (emphasis added). The Court opined that the insulting words and images on the posts "**contributed nothing to the marketplace of ideas**" that "**even if subjectively intended only as immature attempts at malign comedy, would reasonably be viewed as alarming, both to the students targeted…and to the school community more generally**." *Id* at 717-18 (emphasis added). In addition, the Court analyzed that "the school's authority and responsibility to act *in loco parentis* also includes the **role of protecting other students from being maltreated by their classmates**," and "**a failure by the school to respond…might have exposed it to potential liability on the theory that it 'failed to respond adequately' to a 'racially hostile environment' of which it had become aware**." *Id* at 722 (emphasis added).

The material facts are undisputed that K.H. received a two-day school suspension for sending out a perceived racially derogatory photograph of herself to a small group of fellow SPHS students in her private SnapChat group on her private time. K.H. painted her face, took a "selfie" of herself in painted face as a joke, and directly sent a copy of said photo to her SPHS friends with no intentions of the K.H. Photo being distributed throughout the entire school. *See* ECF Nos. 15

and 21.  Second, K.H. intentionally sent the K.H. Photo to her SnapChat group.  *Id.*  Third, K.H. admits that some of the direct recipients of the K.H. Photo provided written statements to the SPHS administration.  *See* ECF No. 21-2, ¶¶ 15-17.  Fourth, there were many SPHS students upset by the K.H. Photo including students that directly received it from K.H., which would equate to "peer to peer" harassment.  *See* ECF Nos. 15 and 21.  Fifth, the two-day school suspension was issued and affirmed based upon the written statements, which included K.H.'s own statement, that were provided to Defendants Bathras, Chang, and Robinson.  *Id.*  Based upon the severity of the impact on the SPHS school students and community, Defendants Bathras and Chang were required to respond to K.H.'s misconduct that violated the student code of conduct and caused a substantial disruption to SPHS's school environment that also had a direct impact on specific SPHS students that directly received the K.H. Photo from K.H. herself.  There is no question that Defendants Bathras and Chang had a duty to protect all of SPHS' students, and that duty included protecting them from the harm caused by K.H.'s actions, because any failure to respond would have likely perpetuated a racially hostile school environment.  The actions of Defendants Robinson, Bathras and Chang were not about infringing upon K.H.'s freedom of speech rights, but instead based upon their duty and obligations to protect the entire SPHS student population from the development of a racially hostile school environment that would likely result if K.H.'s misconduct was permitted without any accountability.

    2. *Plaintiffs' Due Process Claims in Counts VIII and X Both Fail*

        a.   *Procedural Due Process*

There is no dispute that Plaintiffs were afforded due process in this case.  *See* ECF Nos. 1-2 and 21.  Plaintiffs' Response highlights a number of undisputed facts that indicate and establish

that they were afforded procedural due process. *See* ECF No. 21, p. 5-13. Specifically, Plaintiffs highlight the following events demonstrating that procedural due process was given to Plaintiffs:

1. Official Letter of Suspension on October 18, 2021
2. Mark Heward's Email to Defendant Chang on October 18, 2021
3. Mark Heward's Two Emails to Defendant Change on October 19, 2021
4. Defendant Chang's Email to Mark Heward on October 21, 2021
5. Mark Heward's Two Emails to Defendant Chang on October 21, 2021
6. Mark Heward's October 20, 201 Letter
7. Mark Heward's Email to Defendant Bathras on October 22, 2021
8. Defendant Bathras Email to Mark Heward on November 2, 2021
9. Mark Heward's Email to Defendant Bathras on November 9, 2021
10. Defendant Robinson's "second level of appeal" decision dated November 16, 2021

*See id. See also* ECF Nos. 21-3 – 21-5.

Therefore, the two-day school suspension of K.H. did not violate the procedural due process rights of K.H. because K.H. was afforded the opportunity to be heard and allowed to tell her side of the story; and based upon her presentation of what transpired, there is no dispute that she violated School Board policies, administrative regulations, and the student code of conduct, all of which resulted in the school discipline she received. *See* ECF Nos. 1-2, 15 and 21.

        b. *Substantive Due Process*

"A school administration's decision to suspend a student will provide a basis for a substantive due process claim **only in the very 'rare case' when there is 'no rational relationship between the punishment and the offense**.'" *See DeFabio v. East Hampton Union Free School Dist.*, 658 F. Supp. 2d 461, 486 (E.D.N.Y. 2009)(citing *Rosa R. v. Connelly*, 889 F.2d 435, 439 (2nd Cir. 1989) and *Bd. of Educ. v. McCluskey*, 458 U.S. 966, 970 (1982)). *See also Goss v. Lopez*, 419 U.S. 565, 581-83 (1975)(emphasis added). There can be no dispute that the decision to suspend K.H. is based upon the investigative record of SPHS on October 18, 2021, which included written statement from multiple students, including K.H., wherein there can be no

dispute that the information provided to Defendants Chang, Bathras and Robinson all indicate the following material facts that remain without dispute as follows:

1. On Saturday, October 16, 2021, K.H. was at home and painted her face with color paint and painted a stick figure on her neck from her face down while bored and joking around;

2. On October 16, 2021, K.H. took a "selfie" and/or a photograph of her in "painted face" with the painted stick figure captured on a cellphone device;

3. On October 16, 2021, K.H. shared said photograph with a small group of friends that were fellow students at Severna Park High School on SnapChat, a social media platform where posts disappear and/or automatically deleted within 24 hours;

4. On October 16, 2021, K.H. did not accidentally send the K.H. Photo to the recipients and she only intended to send the K.H. Photo to her select group of friends;

5. On October 16, 2021, K.H. did not intend to offend anyone or intend for the K.H. Photo to be interpreted as "blackface;"

6. On October 16, 2021, K.H. had a sleepover at her home that included recipients of the photograph, and there were no issues at her home among her friends that attended the sleepover, including those Black friends that received the K.H. Photo that day;

7. Over the weekend, the K.H. Photo was shared with other Severna Park High School students;

8. On Monday, October 18, 2021, a large number of students brought K.H.'s Photo to the attention of the Severna Park High School staff by going to the main office to complain about the K.H. Photo, express their displeasure that the K.H. Photo represented "blackface," and express feelings upon being subjected to the K.H. Photo;

9. On October 18, 2021, the seriousness of the student complaints and feelings about the K.H. Photo prompted an immediate investigation due to the impact caused at Severna Park High School that morning arising from the distribution of the K.H. Photo;

10. On October 18, 2021, some of the Severna Park High School students that were offended by the K.H. Photo, provided written statements to Defendant Chang in her capacity as the Assistant Principal assigned to the school administrative duty of conducting the investigation;

11. On October 18, 2021, the direct recipients of the K.H. Photo from K.H. provided written statements about the impact the K.H. Photo had and how they were personally affected by the K.H. Photo and K.H.'s actions;

12. On October 18, 2021, K.H. provided her own written statement wherein she admitted that she took the K.H. Photo, sent the K.H. Photo to her small group of friends, and that she did not intend to offend or hurt anyone by taking or sending the K.H. Photo;

13. On October 18, 2021, after receiving and reviewing the written statements provided by the students, and after discussing the impact that the K.H. Photo had on the school environment and other students, including but not limited to the students that K.H. directly sent the K.H. Photo to, Defendants Chang and Bathras agreed that the evidence obtained in their investigation of the students' complaints supported the issuance of a two day school suspension as an appropriate school disciplinary action for violating established school rules and code of conduct.

*See* ECF Nos. 15 and 21.

These material facts relate to the school administrative decision to issue a two-day suspension to K.H. *Id.* Thus, permitting discovery will not have any impact on these facts as there are no discoverable facts that would change the grounds relied upon for the school suspension of K.H., *i.e.,* the facts relied upon by Defendant Bathras and Chang to issue the school suspension, and the record provided to Defendant Robinson to affirm the suspension. For example, even if every student statement given was false, that would not change the fact that the written statements were made, given to the investigating school administrator, were the basis for the school suspension of K.H., and were reasonable to rely upon.

Plaintiffs' "Declarations" do not present any disputes of facts material to the school suspension of K.H. *See* ECF Nos. 21-2 – 21-4. First and foremost, no plaintiff has first-hand knowledge of the written statements given to Defendant Chang during the investigation initiated by the K.H. Photo. *Id.* Second, Plaintiffs never dispute the authenticity of any written statement, including K.H.'s own statement. *Id.* Third, K.H. admits that she has knowledge of a student bringing the K.H. Photo to the attention of the SPHS school administration. *Id.* Fourth, K.H. admits to speaking with SPHS administrators about the K.H. Photo. *Id.* Fifth, K.H. never states that she sent the K.H. Photo accidentally or mistakenly to her SnapChat group; hence, she intended

to send her friends the K.H. Photo. *Id.* Sixth, K.H. never disputes that her actions violated the Student Code of Conduct. *Id.* Instead, their Declarations relate to facts that are immaterial to the underlying causes of action. *Id.* Therefore, discovery will not reasonably provide Plaintiffs with any additional information to overcome and change these material facts.

That said, the material facts that remain undisputed support a rational basis for punishment of K.H. as the grounds for issuing the school disciplinary suspension were based upon her conduct that caused harm to other students and caused a disruption to the school environment; and not because there was any objective by the school to change a constitutionally protected opinion. Stated alternatively, K.H. received a school disciplinary suspension because her joking around violated the School Board's established policies and administrative regulations relating to misuse of social media, bias behavior and language, and cyberbullying and harassment. Moreover, the school suspension of K.H. "did not shock the conscious;" as it was not "egregious official conduct" amounting to a substantive due process violation. *See Wolf v. Fauquier Cty. Bd. of Supervisors*, 555 F.3d 311, 323 (4th Cir. 2009)(citing *Cty of Sacramento v. Lewis*, 523 U.S. 833, 836 (1998).

3. *All Essential Material Facts are already before this Court.*

Pursuant to Fed. R. Civ. P. 56(d), a court may "defer or deny" a motion for summary judgment to allow additional discovery "if the nonmovant declares it cannot present facts essential to justify its opposition." *See Beverly v. Becerra,* 2022 WL 636626 (4th Cir. 2022). *See also* Fed. R. Civ. P. 56(d). "The rule mandates that summary judgment be postponed when the nonmovant has not had the opportunity to discover information that is essential to his opposition." *Beverly* at *2 (citing *Hodgin v. UTC Fire and Sec. Americas Corp., Inc.,* 885 F.3d 243, 250 (4th Cir. 2018). "However, a court may deny a Rule 56(d) motion when the information sought would not by itself create a genuine issue of material fact sufficient for the nonmovant to survive summary judgment."

*Id.* Plaintiffs' Rule 56(d) Declaration completely fails to demonstrate the existence of essential facts that would be useful and/or represent material facts that would support a genuine dispute of material facts. *See* ECF No. 21-1. Plaintiffs make no proffer as to what information they would expect to receive during discovery that would genuinely create a dispute of material facts. *Id.* Instead, Plaintiffs generally just request for discovery as a means to cause an unnecessary delay and/or expense in this case with the hopes that the discovery process will allow them to engage in a fishing expedition that they would hope, without any reasonable expectation, would provide them with something that discovery will not, the production of material facts that create a genuine dispute to defeat School Board Defendants' motion for summary judgment. As stated above herein, all of the relevant material facts relied upon by Defendants Robinson, Bathras and Chang are before this Court and there are no essential facts that are unknown. Therefore, this Court should grant summary judgment in favor of School Board Defendants on the grounds sought.

## II.   CONCLUSION

WHEREFORE, for any and/or all of the reasons presented before this Court, School Board Defendants respectfully request that this Court enter an Order:

A. Granting School Board Defendants' Motion to Dismiss as to all counts and claims asserted by Plaintiffs;

B. Granting Judgment in favor of School Board Defendants as to all counts as there are no genuine dispute of material facts;

C. Dismissing the Amended Complaint against School Board Defendants, with prejudice; and

D. For such other and further relief as may be necessary to its case and as justice may so require

Respectfully submitted,

GREGORY J. SWAIN
County Attorney

*Philip E. Culpepper*

Philip E. Culpepper, Bar No. 28519
Supervising County Attorney
ANNE ARUNDEL COUNTY OFFICE OF LAW
2660 Riva Road, 4th Floor
Annapolis, Maryland 21401
(410) 222-7888 telephone
pculpepper@aacounty.org

*Tamal A. Banton*

Tamal A. Banton, Bar No. 27206
Senior Assistant County Attorney
ANNE ARUNDEL COUNTY OFFICE OF LAW
2660 Riva Road, 4th Floor
Annapolis, Maryland 21401
tbanton@aacounty.org
*Attorneys for Defendants*