IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARK HEWARD, Individually and
as Parent and Next Friend of
STUDENT DOE, a minor, *et al.*,

   *Plaintiffs*,

v.

BOARD OF EDUCATION OF ANNE
ARUNDEL COUNTY, *et al.*,

   *Defendants*.

Civil No. ELH-23-00195

**MEMORANDUM**

Plaintiffs Mark and Belinda Heward, as parents and next friends of K.H. (also referred to as "Student Doe" or "Student"), a student at Severna Park High School (the "School" or "SPHS"), filed suit against defendants Board of Education of Anne Arundel County ("BOE" or "Board"); School Principal Patrick Bathras; Assistant Principal Paige Chang; and Regional Assistant Superintendent Janine Robinson.  They assert multiple claims arising from the School's suspension of K.H. for allegedly wearing "blackface" in a photo (the "Snap") that she shared with friends via Snapchat.[1]  K.H., who was thirteen years of age at the time, vigorously contends that she was wearing gold face paint purchased by her mother to wear to a SPHS football game.

Defendants have moved to dismiss or, in the alternative, for summary judgment (ECF 15), supported by a memorandum (ECF 15-1) (collectively, the "Motion") and twenty-eight exhibits.  ECF 15-2 to ECF 15-29.  This Memorandum does not address the Motion, however.  Instead, it is concerned only with defendants' request to seal thirteen of the exhibits to the Motion.  The exhibits

---

[1] Suit was filed in the Circuit Court for Anne Arundel County.  ECF 1-1; ECF 2 (same).  Defendants timely removed the case to federal court, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, asserting federal question jurisdiction.  ECF 1 ("Notice of Removal").

have been filed under seal (ECF 14-1 to ECF 14-13), pending disposition of the defendants' motion to file them under seal. ECF 14 ("Sealing Motion"). Plaintiffs did not respond to the Sealing Motion.[2]

No hearing is necessary to resolve the Sealing Motion. *See* Local Rule 105.6. For the reasons that follow, I shall grant the Sealing Motion in part and deny it in part.

## I. Discussion

As noted, defendants filed several exhibits under seal. In doing so, defendants explain that the exhibits "are 'student records' relating to minors, student disciplinary matters, and are not subject to public disclosure pursuant to 20 U.S.C. §1232g and Md. Code Ann., Cts. & Jud. Proc. § 4-313." ECF 14 at 1. As noted, plaintiffs do not oppose defendants' Sealing Motion. *See* Docket.

The sealed exhibits in issue are titled by defendants as follows, to which I have added in brackets the applicable ECF numbers:[3]

- Exhibit 4 – Severna Park High School Bullying Report, October 18, 2021 [(ECF 14-1; ECF 15-5)]
- Exhibit 10 – Written Statement of K.H., October 18, 2021 [(ECF 14-2; ECF 15-17)]
- Exhibit 11A – K.H. Photo, October 16, 2021 [(ECF 14-3; ECF 15-18)]
- Exhibit 11B – K.H. Photo, October 16, 2021 [(ECF 14-4; ECF 15-18)]
- Exhibit 12 – Severna Park High School Student Statements, October 18, 2021 [(ECF 14-5; ECF 15-20)]
- Exhibit 13 – School Suspension of K.H. Letter, October 18, 2021 [(ECF 14-6; ECF 15-21)]
- Exhibit 14A – Heward Appeal to Bathras [(ECF 14-7; ECF 15-22)]
- Exhibit 14B – Heward Appeal of School Suspension [(ECF 14-8; ECF 15-22)]
- Exhibit 15A – Principal Bathras Response to Heward [(ECF 14-9; ECF 15-23)]

---

[2] Plaintiffs also moved to seal their exhibits. ECF 22. Defendants did not respond to that motion. On March 7, 2023, I granted plaintiffs' motion to seal, "subject to further order of the Court." ECF 28. It is not necessary for me to revisit that ruling.

[3] The sealed exhibits are docketed at the ECF 14 entries that are mentioned. The corresponding ECF 15 entries are notices of sealing.

- Exhibit 15B – Principal Bathras Response to Heward Appeal [(ECF 14-10; ECF 15-23)]
- Exhibit 16 – Heward Appeal of Bathras Responses [(ECF 14-11; ECF 15-24)]
- Exhibit 17 – Janine Robinson Response to Appeal of Principal's Decision [(ECF 14-12; ECF 15-25)]
- Exhibit 20 – K.H. Photo, April 2022 [(ECF 14-13; ECF 15-29)]

The common law presumes that the public and the press have a qualified right to inspect all judicial records and documents. *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014) (citations omitted); *In re United States for an Order Pursuant to 18 U.S.C. § 2603(D)*, 707 F.3d 283, 290 (4th Cir. 2013); *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005); *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986); *see also Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n.17 (1980) (plurality opinion) ("[H]istorically both civil and criminal trials have been presumptively open."). However, the common law right of access can be abrogated in "unusual circumstances," where "countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

The common law right of access is buttressed by a "more rigorous" right of access under the First Amendment, which applies to a more narrow class of documents, but is more demanding of public disclosure. *Rushford*, 846 F.2d at 253. If a court record is subject to the First Amendment right of public access, the record may be sealed "only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (citing *Press-Enterprise Co. v. Superior Court of Ca., Riverside Cnty.*, 464 U.S. 501, 510 (1984)).

The First Amendment "right of access attaches to documents and materials filed in connection with a summary judgment motion." *Doe*, 749 F.3d at 267 (citing *Rushford*, 846 F.2d

at 253). Presumably, the same standard applies to the documents submitted with a motion to dismiss. Accordingly, the more expansive First Amendment right of public access attaches to the exhibits filed in connection with the Motion (ECF 15).

In addition to the common law and the First Amendment, the Local Rules provide a complementary layer of protection for the public interest in disclosure and access. Local Rule 105.11 requires a party seeking to seal documents to provide the court with "(a) proposed reasons supported by factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection."

"When presented with a sealing request," the "right-of-access jurisprudence requires that a district court first 'determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake.'" *Doe*, 749 F.3d at 266 (quoting *Stone*, 855 F.2d at 181). In other words, just as a party must furnish the court with concrete reasons for a sealing request, a court must address the specific justifications for a sealing order.

"To seal a document, the district court must (1) give the public adequate notice of a request to seal and a reasonable opportunity to challenge it, (2) consider less drastic alternatives to sealing, and (3) if it decides to seal, state the reasons, supported by specific findings, behind its decision and the reasons for rejecting alternatives to sealing." *Gonzalez v. Cuccinelli*, 985 F.3d 357, 376 (4th Cir. 2021) (citing *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).

Local Rule 105.11 explains that "[a]ny motion seeking the sealing of pleadings, motions, exhibits, or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection."

Notably, a party does not have the right to require the court to seal judicial records. *See Visual Mining, Inc. v. Ziegler*, PWG-12-3227, 2014 WL 690905, at *5 (D. Md. Feb. 21, 2014) (denying a motion to seal when the only justification was that the documents are "confidential" under a court-approved protective order); *Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 576 n.18 (D. Md. 2012) ("In their motion to seal, Plaintiffs state only that they seek to seal the exhibits pursuant to the confidentiality order, an explanation insufficient to satisfy the 'specific factual representations' that Local Rule 105.11 requires."); *see also Rushford*, 846 F.2d at 254 ("The reasons for granting a protective order to facilitate pre-trial discovery may or may not be sufficient to justify proscribing the First Amendment right of access to judicial documents."). Moreover, the mere fact that records may be controversial, personal, or embarrassing does not alone justify sealing those records from public inspection. *See, e.g.*, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.").

But, courts have found a compelling government interest in sealing personal information, especially when relating to minors. *See Mears v. Atl. Se. Airlines, Inc.*, 5:12–CV–613–F, Slip Copy at *3 (E.D.N.C. Oct. 7, 2014) (collecting cases relating to minors); *Q.C. v. Winston-Salem/Forsyth Cnty. Sch. Bd. of Educ.*, No. 1:19CV1152, 2022 WL 1686905, at *13 (M.D.N.C. May 26, 2022) ("The Court finds that protecting these sensitive educational records and sealing information that could identify non-party minors is a compelling interest reflected in federal law, North Carolina law, and the Federal Rules of Civil Procedure."); *A.P.G. by Jones v. Fisher-Price, Inc.*, No. 3:22CV112 (DJN), 2023 WL 4406023, at *4 (E.D. Va. July 7, 2023) ("When handling motions to seal involving minors, courts have 'held that minors' privacy interests in medical and

5

financial information' sufficiently outweigh the 'common law right of access.'" (quoting *Mears*, 2014 WL 5018907, at *3)).

Moreover, Fed. R. Civ. P. 5.2(a) emphasizes the importance of protecting information pertaining to minors. It states: "Unless the court orders otherwise, in an electronic or paper filing with the court that contains . . . the name of an individual known to be a minor . . . a party or nonparty making the filing may include only . . . the minor's initials."

With this framework, I turn to the exhibits.

ECF 14-1, the Bullying Report, contains personal identifying information and sensitive information that would be too difficult to redact. ECF 14-2 and ECF 14-5 contain student statements regarding the Snap. These statements include names of minors, identifying or sensitive information, and photos. In my view, redaction would be difficult. Therefore, they shall remain sealed.

ECF 14-3 and ECF 14-4 are photos of the Snap. Plaintiffs vigorously oppose dissemination of the photos because they depict K.H., who is a minor. *See* ECF 2, ¶ 84; ECF 21 at 9–10, 23. They will remain sealed. ECF 14-13 also contains a photo of the Student. Therefore, this document will remain sealed as well.

ECF 14-6 is the School Suspension Letter. ECF 14-7 to ECF 14-12 contain emails and documents relating to the appeal of the suspension. Defendants have not adequately explained why alternatives to complete sealing of these exhibits is impractical or not sufficient.

In my view, sufficient protection will be afforded by redacting the names of all minors and any personal identifying information from the exhibits docketed at ECF 14-6 to ECF 14-12. Accordingly, I shall deny defendants' Sealing Motion with respect to ECF 14-6 to ECF 14-12.

Accordingly, defendants shall file redacted versions of ECF 14-6 to ECF 14-12, striking all names and personal identifying information, due by **October 2, 2023**. As noted, ECF 14-1 to ECF 14-5 and ECF 14-13 shall remain sealed.

However, the Court's ruling is without prejudice to the right of any party to renew the Sealing Motion as to one or more exhibits, due within fourteen days of the date of docketing of the attached Order. If any party believes that the redaction of a particular exhibit does not provide sufficient protection as to that exhibit, they shall, within the time provided, clearly articulate the reasons that justify complete sealing.

## II. Conclusion

In light of the foregoing, the Sealing Motion shall be granted in part and denied in part.

An Order follows, consistent with this Memorandum.

Date: September 15, 2023                                 /s/
                                                        Ellen L. Hollander
                                                        United States District Judge